Sosman, J.
Plaintiffs have brought the present action seeking to recover underinsurance benefits under the provisions of an automobile insurance policy issued by Hanover Insurance Company. The issues of liability for the underlying accident and the amount of plaintiffs’ damages were submitted to arbitration. Following the arbitrator’s decision, the parties have now briefed the coverage issues in the pending case and have filed cross-motions with respect to the arbitrator’s award. For the following reasons, the court determines that Fadia Tahan is not entitled to any underinsurance benefits from Hanover and that Nadia Tahan is entitled to $70,000 in underinsurance benefits from Hanover.
Facts
On September 22, 1991, plaintiffs were passengers in a vehicle owned by one Ghasson Kassab. A taxicab collided with the Kassab vehicle when the Kassab vehicle was stopped in traffic. Both plaintiffs were injured.
The Kassab vehicle was insured by Hanover. The Hanover policy had underinsurance coverage in the amount of $100,000 per person and $300,000 per accident. The policy defined an automobile as under-insured “when the limits for automobile bodily injury liability insurance covering the owner and operator of the auto are: 1. Less than the limits shown for this Part on your Coverage Selections Page; and 2. Not sufficient to pay for the damages sustained by the injured person.” In the event of bodily injury caused by an underinsured vehicle, the Hanover policy agreed to pay “any unpaid damages up to the difference between the total amount collected from the automobile bodily injury liability insurance covering the owner and operator of the auto and the limits shown for this Part on your Coverage Selections Page.”
Plaintiffs made a claim against Hanover for their underinsurance benefits. The issues of liability and the amount of plaintiffs’ damages were submitted to arbitration, which was held on December 30, 1994. On January 6, 1995, the arbitrator rendered his decision holding that the plaintiffs’ injuries resulted from the negligence of the operator of the taxicab driver and that there was no negligence on the part of the operator of the Kassab vehicle. The arbitrator found that Fadia Tahan had suffered damages for bodily injury in the amount of $ 11,000 and that Nadia Tahan had suffered damages for bodily injury in the amount of $150,000.
At the time of the arbitration, the amount of the taxicab’s liability coverage was unknown. The parties agreed that issues of coverage were to be determined in the pending Superior Court litigation. Since the rendering of the arbitrator’s decision, the parties have learned that the taxicab had liability coverage of $30,000 per person and $60,000 per accident.
Discussion
The parties have filed motions styled as motions to “modify” or to “confirm” the arbitrator’s award. The arbitrator, acknowledging that all coverage issues were reserved for later determination by this court, did not make any “award.” He rendered a decision, from which this court can proceed to calculate whether any amounts are actually owing to these plaintiffs and, if so, how much. Accordingly, the court will enter judgment on plaintiffs’ underinsurance claims based on the arbitrator’s decision.
1. Fadia Tahan
With respect to the claim of Fadia Tahan, the taxicab was not “underinsured” within the meaning of the Hanover policy. Her damages total $11,000 according to the arbitrator’s decision. The taxicab has $30,000 per person coverage. As determined in Alguila v. Safety Insurance Co., 416 Mass. 494 (1993), the term “limits” as used in this definition of “underinsured” refers to the stated policy limits, not to the amounts actually collected from the tortfeasor’s insurer. Since the taxicab’s insurance limits are “sufficient to pay for the damages sustained” by Fadia Tahan, the taxicab was not “underinsured.” Fadia Tahan is thus not entitled to any underinsurance benefits under the Hanover policy.
2. Nadia Tahan
Nadia Tahan is entitled to underinsurance benefits. The limits of the taxicab’s coverage are less than the limits of the Hanover underinsurance policy, and her damages of $150,000 exceed the limits of the taxicab’s coverage.
*264 Under the Hanover policy, Nadia Tahan is entitled to recover from Hanover an amount “up to the difference between the total amount of bodily injury insurance covering the owner and operator of the responsible auto [$30,000] and the limits shown for this part on your coverage selections page [$100,000].’’ The difference between those two figures is $70,000. Although her total damages are $150,000, and the taxicab’s insurance limits of $30,000 will leave $120,000 in damages owed to her, the Hanover policy’s payment only goes “up to” the calculated amount of $70,000.
Plaintiff contends that she is entitled to $100,000, the stated limits of the Hanover policy, calculated as the difference between her total damages ($150,000) and the coverage on the taxicab ($30,000). That difference would amount to $120,000, a figure in excess of the limits of the Hanover policy. Plaintiffs interpretation simply does not comport with the calculation outlined in Hanover’s standard policy.
Nothing in G.L.c. 175, §113L(2) or cases decided under that statute compels a different reading of the provisions in the Hanover policy. Plaintiff cites to cases standing for the proposition that tort plaintiffs do not have to exhaust their claims against the tortfeasor before claiming for and recovering under ápplicable underinsurance policies. Those cases affect the time at which a plaintiffs claims must be honored. They do not alter the calculation of the amount of benefits to be paid.
ORDER
For the foregoing reasons, it is hereby ORDERED that judgment be entered in favor of defendant Hanover Insurance Company with respect to the claim for underinsurance benefits brought by plaintiff Fadia Tahan, and that judgment be entered in favor of plaintiff Nadia Tahan declaring that she is entitled to payment of $70,000 on her claim for underinsurance benefits.